IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| KATHY HOBART, ) ) ) Plaintiff, ) ) v. ) ) ) BLUE CROSS AND BLUE ) SHIELD OF KANSAS, INC. ) ) Defendant. ) ) | CIVIL ACTION No. 08-2545-CM |

### MEMORANDUM AND ORDER

Plaintiff Kathy Hobart ("plaintiff") brings this action against defendant Blue Cross and Blue Shield of Kansas, Inc. ("defendant"). Plaintiff alleges retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq.* On October 30, 2008, plaintiff designated Kansas City as the place of trial. On December 11, 2008, defendant filed its Motion for Transfer (Doc. 8), requesting that the court transfer this matter to the United States District Court for the District of Kansas in Topeka, Kansas.

**I.     Legal Standard**

The court is not bound by the parties' requests for place of trial and may determine the place of trial at its own discretion or upon motion by a party. D. Kan. Rule 40.2. Change of venue is governed by 28 U.S.C. § 1404(a). Because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is, on its face, inapplicable to defendant's request for intra-district transfer. *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007). The courts in this district, however, often look to the factors set forth in 28 U.S.C. § 1404(a) when considering a request for intra-district transfer. *Jones v. Wichita State Univ.*, No. 06-2131-

KHV-GLR, 2007 WL 1173053, at *1 (D. Kan. April 19, 2007). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Smith*, 2007 WL 2436669, at *1 (quoting 28 U.S.C. § 1404(c)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). Defendant, as the party moving to transfer the case, bears the burden of establishing that the existing forum is inconvenient. *Smith*, 2007 WL 2436669, at *1.

**II.      Analysis**

   *A.      Plaintiff's Choice of Forum*

Although the court considers plaintiff's choice of forum, plaintiff's choice is given less weight because it is not his place of residence. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *1 (D. Kan. Mar. 23, 2007). The court finds that this factor weighs only slightly in favor of plaintiff.

   *B.      Convenience and Accessibility of the Witnesses and Other Sources of Proof*

Defendant argues that this factor weighs in favor of transferring this case to Topeka because (1) all of the company witnesses reside in and around the Topeka area and (2) all sources of proof relating to plaintiff's employment—plaintiff's personnel file, attendance records, FMLA leave documentation, and grievance records—are located in defendant's Topeka office. For the following reasons, the court finds that this factor does not weigh in favor of either party or location. First, this case is in the initial stage of litigation. Neither party knows who it will call as a witness or what

documents it will rely on for trial.  Because plaintiff was employed at defendant's Topeka office, it is likely that many witnesses will be close to the Topeka area.  But, as plaintiff points out, the Topeka area may include Lawrence, Kansas or other cities in between Topeka and Kansas City.  Because the witnesses are unknown, defendant has not shown that it will be substantially inconvenient for a majority of the witnesses to travel to Kansas City—which is only sixty miles from Topeka.  Additionally, the parties expect at least one key witness to travel to Kansas from out of state.[1]  That witness, plaintiff's former supervisor, resides in Fayetteville, Arkansas.  Whether by car or plane, Kansas City is more convenient for this witness.

Similarly, plaintiff's employment records and the other proof necessary for trial should be easily transported to Kansas City.  Nothing in the record suggests that transporting the evidence to the Kansas City courthouse will be more labor intensive or expensive than transporting it to the Topeka courthouse.  Although discovery has not been completed, it is likely the other proof will be documents or other evidence easily transported.  Based on the early stage of this litigation and the limited record before the court, the convenience of one city does not significantly outweigh the inconvenience of the other.

C.   *Fair Trial*

Plaintiff argues that it cannot get a fair trial in Topeka because defendant employs or insures a greater number of people in a potential Topeka jury pool than in a potential Kansas City jury pool.  Plaintiff contends that selecting a jury in Topeka would be difficult and a juror may be influenced by the possibility of higher premiums if defendant is liable to plaintiff.  But, as defendant points out, not every potential juror who is insured by defendant or has family insured by defendant would find it impossible to be impartial in deciding this employment discrimination matter.  Besides, having the

---

[1] Defendant contends that the witness is not within the subpoena power of this court, but it is possible that the witness will appear by agreement.

trial in Kansas City does not eliminate this concern.  The potential Kansas City jury pool will also draw from counties that are served by defendant.  Furthermore, other courts in this district have found that a plaintiff in an employment-related action can receive a fair trial in the location where the defendant is a major employer.  *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 n.3 (D. Kan. June 26, 2007) ("[C]ourts in this district have consistently held that plaintiffs who bring an employment action against a Wichita-based employer can get a fair trial in Wichita and that concerns to the contrary may be adequately addressed during *voir dire*.").  The court finds that this factor does not weigh in favor of either party or location.

### D.      *Other Considerations*

In this case, all other considerations of a practical nature that make a trial easy, expeditious and economical are also neutral.  Because this case is in the initial stage of litigation and the witnesses and other proof are unknown, the court cannot determine that trial in Topeka would be easier, more expeditious, or more economical.  The distance between the two courthouses is merely sixty-two miles.

Defendant bears the burden to establish that trial in Kansas City is substantially inconvenient.  *Jones*, 2007 WL 1173053, at *2 (recognizing that the court has to find that plaintiff's choice of forum is substantially inconvenient, not just that defendant's choice of forum is marginally more convenient).  Here, each factor is neutral or slightly favors plaintiff's choice of forum.  When combined, the factors do not weigh strongly in defendant's favor, and thus, the court will not disturb plaintiff's choice of forum.  The court therefore denies defendant's motion to transfer.

**IT IS THEREFORE ORDERED** defendant's Motion for Transfer (Doc. 8) is denied.

Dated this 28<u>th</u> day of January, 2009, at Kansas City, Kansas.

<pre>                            <u>s/ Carlos Murguia</u>
                            <b>CARLOS MURGUIA</b>
                            <b>United States District Judge</b></pre>